UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| TIMOTHY CHESSER, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | Case Nos. 3:14-CR-89 |
| | ) | 3:16-CV-668 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the court is *pro se* petitioner Timothy Chesser's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 532].[1] From 2012 through 2014, Chesser conspired with other individuals to manufacture methamphetamine. During the course of the conspiracy, Chesser purchased pseudoephedrine from various pharmacies and used that pseudoephedrine to manufacture methamphetamine on at least thirty occasions.

On August 6, 2015, Chesser pleaded guilty to conspiring to manufacture at least fifty grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A); and to possessing methamphetamine precursors, in violation of 21 U.S.C. § 843(a)(6). Because Chesser had a prior Tennessee conviction for manufacturing a

---

[1] In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts (§ 2255 Rules), the Court has considered all of the pleadings and filings in Petitioner's motion. The Court has also considered all the files, records, transcripts, and correspondence relating to Petitioner's conviction. All citations to the record are found on the criminal docket in Case No. 3:14-CR-89.

1

controlled substance, he faced an enhanced penalty range of twenty years to life imprisonment on the conspiracy charge and an enhanced penalty range of up to twenty years imprisonment on the possession of methamphetamine precursors charge. In his Rule 11(c)(1)(C) plea agreement, Chesser agreed that the minimum mandatory sentence of twenty years imprisonment followed by at least ten years of supervised release would be the appropriate disposition of his case. Chesser also agreed not to file any motions or pleadings pursuant to 28 U.S.C. § 2255, with the exception of motions raising claims of prosecutorial misconduct or ineffective assistance of counsel.

On December 14, 2015, the court sentenced Chesser to the agreed-upon term of twenty years imprisonment. Chesser did not appeal his conviction or sentence, and the judgment became final on December 28, 2015. Chesser timely filed a § 2255 motion on November 28, 2016. Chesser asserts that his prior Tennessee drug conviction can no longer be used to enhance his sentence in light of *Mathis v. United States,* 136 S.Ct. 2243 (2016), and his counsel was constitutionally ineffective for not making that argument at sentencing.

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or

an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Chesser argues that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) was improper in light of the United States Supreme Court's subsequent decision in *Mathis v. United States,* 136 S.Ct. 2243 (2016), as well as the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Hinkle,* 832 F.3d 569 (5th Circuit. 2016). Chesser claims that, in light of *Mathis*, his prior Tennessee drug conviction cannot be used to enhance his federal sentence. Chesser is wrong on the facts and the law.

Chesser contends his sentence was improperly enhanced because his Tennessee conviction was not analyzed using the "categorical approach" applied in *Mathis* and *Hinkle*. However, *Mathis* addressed the proper procedures to be used when determining whether a conviction qualifies as a predicate offense under the "enumerated offenses" clause of the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e). Similarly, in *Hinkle*, the United States Court of Appeals for the Fifth Circuit applied the categorical approach of *Mathis* to determine whether a prior Texas conviction was a "controlled substance offense" within the meaning of §4B1.1(a) (Career Offender) of the United States Sentencing Guidelines. *Hinkle*, 832 F.3d 569, 570-71.

Here, Chesser's sentence was enhanced under the provisions of § 841(b)(1)(A) because of his prior Tennessee felony drug conviction. Section 841(b) provides enhanced penalties for a person who conspires to manufacture at least fifty grams of

3

methamphetamine "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(A).

The Supreme Court has held that the definition of "felony drug offense" in 21 802(44) controls as the exclusive definition for purposes of § 841(b)(1)(A). *Burgess v. United States,* 553U.S. 124, 127 (2008). To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it relates to conduct involving drugs. Therefore, the use of the categorical approach is neither necessary nor appropriate. *See United States v. Graham,* 622 F.3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes,* 158 F.3d 913, 932 (6th Cir. 1998) (no need to utilize the guidelines where the statute plainly mandates a more severe sentence). Similarly, multiple decisions issued by the Sixth Circuit Court of Appeals confirm that *Mathis* is inapplicable to sentences enhanced under § 841(b)(1)(A). *See Smith v. Ormand,* 2018 WL 7143637 at *2 (6th Cir. Jul. 30, 2018); *Romo v. Ormond,* 2018 WL 4710046 at *4 (6th Cir. Sept. 13, 2018 (*Mathis* is inapplicable to sentences enhanced under § 841(b)(1)(A)); *McKenzie v. Ormond,* No. 18-5072 (6th Cir. Jul. 11, 2018); *Hidalgo v. Smith,* NO. 18-5230 (6th Cir. Sept. 20, 2018).

Chesser does not dispute that, at the time of his conviction, his prior Tennessee conviction for manufacturing a controlled substance was considered a state felony,

punishable for a term of imprisonment of more than one year. Because his prior conviction related to drugs and was "punishable by imprisonment for more than one year" under the law of the State of Tennessee, the conviction qualifies as a "felony drug offense" under § 802(44) and, accordingly, qualifies as a predicate offense for purposes of the sentencing enhancement provided by § 841(b)(1)(A). Chesser's prior Tennessee state conviction for manufacturing a controlled substance was properly considered as a prior "felony drug offense" so as to enhance his sentence to a mandatory minimum of twenty years under § 841(b)(1)(A), and his counsel was not ineffective in failing to argue otherwise.

## Conclusion

Chesser is not entitled to relief under § 2255, a hearing is unnecessary in this case, and a Judgment will enter **DENYING** the Motion [Doc. 532].

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

5